# "EXHIBIT C"



Littler Mendelson, P.C.
One Newark Center
8th Floor
Newark, NJ  07102

Tyler A. Sims
973.848.4747 direct
973.848.4700 main
973.741.2765 fax
tsims@littler.com

February 18, 2025

**VIA FEDERAL EXPRESS AND EMAIL**

Nicolas Benedetto
13529 Machiavelli Way
Palm Beach Gardens, FL 33418
Email: Nbenedetto4444@gmail.com

**Re:**   ***REQUEST FOR RETURN OF INFORMATION AND PROPERTY AND REMINDER** – Continuing Obligations to CyberCoders, Inc.*

Dear Mr. Benedetto:

This firm represents your former employer, CyberCoders, Inc. ("CyberCoders" or the "Company"), with respect to the matters addressed in this letter. On February 17, 2025, you informed CyberCoders that, after nearly 10 years with the Company, you are resigning to accept other employment. We write to remind you of your ongoing contractual and legal obligations to CyberCoders under your Confidentiality, Non-Solicitation and Non-Competition Agreement (your "Agreement"). We have enclosed a copy of the Agreement for your reference.

The purpose of this letter is: (1) to remind you of your continuing legal and contractual obligations to CyberCoders; (2) to demand that you immediately cease and desist any and all conduct that breaches your continuing obligations to CyberCoders; (3) to demand that you provide assurances to the Company and (4) to clearly communicate CyberCoders' intent to take all appropriate steps necessary to protect and enforce its legal rights. CyberCoders demands your full compliance with all of the promises you made in your Agreement.

## Your Agreement with CyberCoders

As you know, while you were employed with CyberCoders, you voluntarily entered into the Agreement, which contains certain restrictive covenants that prohibit you from engaging in competitive activities, from directly or indirectly soliciting the Company's customers and employees, and from taking, using, or disclosing the Company's proprietary, trade secret and confidential information. Per the clear terms of your Agreement, those restrictive covenants survive your resignation from the Company. When you signed the Agreement, you acknowledged that the restrictions contained in the Agreement are "necessary to protect the proprietary and related interests of the Company, and that the limitations . . . are reasonable with respect to duration, geographical area and scope of activities, and do not impose a greater restraint than is

Nicolas Benedetto
February 18, 2025
Page 2

necessary to protect the Confidential Information, goodwill, and other business interests of the Company." (Agreement, § 7.2).

The Agreement provides that you will not compete with CyberCoders within the applicable territory during your employment with the Company and for a period of twelve (12) months following your resignation. (*See* Agreement, § 2.2(a)). Specifically, the Agreement states and you promised that you "will not, directly or indirectly, (i) work in a Competing Position for a Competing Business within the Restricted Territory; or (ii) own, maintain, operate or have any ownership interest in a Competing Business within the Restricted Territory." (*Id.*). The term "Restricted Territory" is defined as "a fifty (50) mile radius around any office of the Company, including Employee's office in their personal residence, if applicable, as to which, during the last twenty-four (24) months of their employment with the Company: (i) Employee was assigned, or (ii) Employee had supervisory, managerial or administrative responsibilities." (*Id.* at § 1.1(g)).

In addition, you also agreed for a period of twelve (12) months after your resignation, you will not, directly or indirectly:

> (i) solicit, seek to employ, or seek to retain the services of any person whose identity Employee learned while employed by the Company, who is at that time or was within the previous twelve (12) months providing services to the Company as an employee or independent contractor, for the purpose of providing services to a Competing Business; or (ii) solicit or seek to place any temporary employee, candidate for employment, or independent contractor candidate, who, in the twelve (12) months prior to Employee's separation of employment with Company, was directly or indirectly placed by Employee or sought to be placed by Employee or whose identity Employee learned in carrying out Employee's job duties, which placement is for or on behalf of any Competing Business; or (iii) persuade, induce or attempt to persuade or induce any such person referenced in this subsection 2.2(b) to leave his or her employment or temporary employment or to refrain from providing services to the Company[.]

(Agreement, § 2.2(b)). With respect to CyberCoders' customers and potential customers, you specifically agreed for a period of twelve (12) months after your resignation that you will not, directly or indirectly:

> (i) solicit or seek to provide services to any customer or potential customer of the Company with whom Employee had Material Contact, which solicitation is for or on behalf of any Competing

Nicolas Benedetto
February 18, 2025
Page 3

> Business; or (ii) persuade, induce or attempt to persuade or induce any such customer or potential customer to alter or reduce its use of services from the Company.

(Agreement, § 2.2(c)).

Your Agreement also prohibits any unauthorized retention, use, or disclosure of the Company's Confidential Information and Trade Secrets (as those terms are defined in your Agreement). (*See* Agreement, § 1.1(d), 1.2(a) and (e)). Further, your Agreement requires the return of all Company information in your possession, including electronic copies saved to a portable device or web or cloud-based storage, or emailed to a personal email account. (*See* Agreement, § 1.2(c)). You further agreed "that compliance with this paragraph may require that data be removed from [your] personal computer equipment or electronic devices" and that the Company will be permitted to access such equipment for that purpose. (*Id.*)

As a trusted employee and one who held a Director role with the Company, you were provided access to sensitive confidential and proprietary information about the Company's business, customers, and employees, including but not limited to, information about the Company's business plans and strategies, actual and prospective clients and candidates, pricing and sales data, and financial, marketing, and training materials, among other things. You are obligated to safeguard and return such information following your employment with the Company.

Further, under federal and state law, you also have a duty not to misappropriate, not to disclose to anyone outside of the Company, including your new employer and/or your new business, and not to use for the benefit of yourself (unless in your capacity as a CyberCoders employee) or any third party any of CyberCoders' confidential, proprietary and/or trade secret information. Both federal and state trade secret laws prohibit disclosure and misappropriation of trade secret information that you accessed or developed in the course of your work at CyberCoders and authorize a court to grant an injunction, order the recovery of monetary damages, and award attorneys' fees in the event of a violation. Any solicitation of CyberCoders' current or prospective customers by you, whether directly or indirectly, (or any employee of yours, any business or yours, or anyone acting on your behalf) that leverages protected information would constitute unfair competition, through the misuse and misappropriation of CyberCoders' confidential and trade secret information.

## **CyberCoders' Intent to Protect and Enforce Its Legal Rights**

CyberCoders is investigating a number of actions you may have taken in violation of your legal and contractual obligations to the Company. As this letter is intended to convey to you, CyberCoders takes your legal obligations to the Company very seriously and intends to pursue all available legal and equitable remedies against you and/or any others involved in any alleged wrongdoing.

Nicolas Benedetto
February 18, 2025
Page 4

Further, you are hereby put on notice of possible litigation and your duty to preserve evidence, which would include, but is not necessarily limited to: all tangible documents and files and electronically-stored information that may be relevant and discoverable in the event of formal legal action, including, but not limited to: any communication that you received or sent to any third party containing CyberCoders' confidential, proprietary, or trade secret information; any communications related to your new business and/or new employer; any communications with any employee or former employee of CyberCoders, including, but not limited to, Belle Arriaga, Ricardo Miranda, and/or Charles Cooke; and any communications between you or any entity you are affiliated with and any customer or potential customer of CyberCoders. This includes, all text or other forms of messaging, including any communications on social media or other types of applications. Because of the potential for litigation between you and the Company, you have a legal duty to ensure that all documents and information, both hard copy and electronic versions, that could be relevant to any lawsuit the Company files against you are preserved. To comply with your duty to preserve evidence, you should ensure that you immediately cease any process, practice, or procedure that might destroy, purge, erase, delete, or alter documents, data, and/or information, including electronically stored information, that are or may be relevant to this matter. This includes, without limitation, any routine process, practice, or procedure, that might lead to the destruction of documents and/or the deletion, automatic overwriting, reformatting, or purging of information stored in electronic formats, such as computer disks, hard drives, servers, e-mail accounts (whether business or personal), messaging and social networking accounts, thumb or flash drives, cell phones, VoIP systems, collaborative and meeting platforms such as Teams and Zoom, photographic equipment, databases, PDAs, backup media and accounts, and similar electronic storage devices and accounts.

## Cease and Desist and Request for Action

Based upon the foregoing circumstances, the Company has no choice but to insist upon timely and concrete assurances that you intend to comply with your continuing obligations to the Company, including the terms of your Agreement and that its confidential, proprietary, and trade secret information is not at risk.

To that end, we ask that you or your attorney contact the undersigned no later than the close of business on **February 20, 2025**, with the following assurances:

(1) As you agreed in the Agreement at Section 2.3, identify your current employment, consulting engagements, contract work or other business affiliations, including (a) the name and address of the business or business entity with which you have such a relationship; and (b) the general nature of your business-related activities.

Nicolas Benedetto
February 18, 2025
Page 5

(2) **_Today, February 18, we are sending a courier to pick up your Company laptop, docking station, and power cord_**. We will also require the return of all Company information, data, documents, files, or records (in any form) relating to or containing the Company's Confidential Information and/or trade secrets in your custody, control, or possession (including in email accounts or cloud storage). None of the Company's Confidential Information and/or trade secrets in your possession should be deleted. The Company also reserves the right to seek a forensic remediation of any personal devices owned by you to ensure the removal of Company documents and information in accordance with Section 1.2(c) of your Agreement.

(3) Identify and describe (including the date, subject, scope of what was discussed, who else was present at the time, and any documentation of the discussion) all communications you had with any CyberCoders' employee, including, but not limited to, Belle Arriaga, Ricardo Miranda, and/or Charles Cooke, about you or them leaving CyberCoders or forming or joining a new business.

CyberCoders' investigation of this matter is continuing. Nothing in this letter is intended to waive, to diminish, or to extinguish any claim, right or remedy that CyberCoders has in law or equity and our client reserves all rights.

We look forward to your prompt response and anticipated compliance.

Very Truly Yours,

/s/ Tyler A. Sims

Tyler A. Sims
Shareholder

cc:   James M. Witz, Esq.
Enclosure



**Littler Mendelson, P.C.**
One Newark Center
8th Floor
Newark, NJ  07102

Tyler A. Sims
973.848.4747 direct
973.848.4700 main
973.741.2765 fax
tsims@littler.com

February 18, 2025

**VIA FEDERAL EXPRESS AND EMAIL**

Charles Cooke
19648 SE Gallberry Drive
Jupiter, FL 33458
Email: chuck.cooke22@gmail.com

**Re:**     ***REQUEST FOR RETURN OF INFORMATION AND PROPERTY AND REMINDER** – Continuing Obligations to CyberCoders, Inc.*

Dear Mr. Cooke:

This firm represents your former employer, CyberCoders, Inc. ("CyberCoders" or the "Company"), with respect to the matters addressed in this letter. On February 17, 2025, you informed CyberCoders that, after more than 16 years with the Company, you are resigning to accept other employment. We write to remind you of your ongoing contractual and legal obligations to CyberCoders under your Confidentiality, Non-Solicitation and Non-Competition Agreement (your "Agreement"). We have enclosed a copy of the Agreement for your reference.

The purpose of this letter is: (1) to remind you of your continuing legal and contractual obligations to CyberCoders; (2) to demand that you immediately cease and desist any and all conduct that breaches your continuing obligations to CyberCoders; (3) to demand that you provide assurances to the Company and (4) to clearly communicate CyberCoders' intent to take all appropriate steps necessary to protect and enforce its legal rights. CyberCoders demands your full compliance with all of the promises you made in your Agreement.

<u>Your Agreement with CyberCoders</u>

As you know, while you were employed with CyberCoders, you voluntarily entered into the Agreement, which contains certain restrictive covenants that prohibit you from engaging in competitive activities, from directly or indirectly soliciting the Company's customers and employees, and from taking, using, or disclosing the Company's proprietary, trade secret and confidential information. Per the clear terms of your Agreement, those restrictive covenants survive your resignation from the Company. When you signed the Agreement, you acknowledged that the restrictions contained in the Agreement are "necessary to protect the proprietary and related interests of the Company, and that the limitations . . . are reasonable with respect to duration, geographical area and scope of activities, and do not impose a greater restraint than is

Charles Cooke
February 18, 2025
Page 2

necessary to protect the Confidential Information, goodwill, and other business interests of the Company." (Agreement, § 7.2).

The Agreement provides that you will not compete with CyberCoders within the applicable territory during your employment with the Company and for a period of twelve (12) months following your resignation. (*See* Agreement, § 2.2(a)). Specifically, the Agreement states and you promised that you "will not, directly or indirectly, (i) work in a Competing Position for a Competing Business within the Restricted Territory; or (ii) own, maintain, operate or have any ownership interest in a Competing Business within the Restricted Territory." (*Id.*). The term "Restricted Territory" is defined as "a fifty (50) mile radius around any office of the Company, including Employee's office in their personal residence, if applicable, as to which, during the last twenty-four (24) months of their employment with the Company: (i) Employee was assigned, or (ii) Employee had supervisory, managerial or administrative responsibilities." (*Id.* at § 1.1(g)).

In addition, you also agreed for a period of twelve (12) months after your resignation, you will not, directly or indirectly:

> (i) solicit, seek to employ, or seek to retain the services of any person whose identity Employee learned while employed by the Company, who is at that time or was within the previous twelve (12) months providing services to the Company as an employee or independent contractor, for the purpose of providing services to a Competing Business; or (ii) solicit or seek to place any temporary employee, candidate for employment, or independent contractor candidate, who, in the twelve (12) months prior to Employee's separation of employment with Company, was directly or indirectly placed by Employee or sought to be placed by Employee or whose identity Employee learned in carrying out Employee's job duties, which placement is for or on behalf of any Competing Business; or (iii) persuade, induce or attempt to persuade or induce any such person referenced in this subsection 2.2(b) to leave his or her employment or temporary employment or to refrain from providing services to the Company[.]

(Agreement, § 2.2(b)). With respect to CyberCoders' customers and potential customers, you specifically agreed for a period of twelve (12) months after your resignation that you will not, directly or indirectly:

> (i) solicit or seek to provide services to any customer or potential customer of the Company with whom Employee had Material Contact, which solicitation is for or on behalf of any Competing

Charles Cooke
February 18, 2025
Page 3

> Business; or (ii) persuade, induce or attempt to persuade or induce any such customer or potential customer to alter or reduce its use of services from the Company.

(Agreement, § 2.2(c)).

Your Agreement also prohibits any unauthorized retention, use, or disclosure of the Company's Confidential Information and Trade Secrets (as those terms are defined in your Agreement). (*See* Agreement, § 1.1(d), 1.2(a) and (e)). Further, your Agreement requires the return of all Company information in your possession, including electronic copies saved to a portable device or web or cloud-based storage, or emailed to a personal email account. (*See* Agreement, § 1.2(c)). You further agreed "that compliance with this paragraph may require that data be removed from [your] personal computer equipment or electronic devices" and that the Company will be permitted to access such equipment for that purpose. (*Id.*)

As a trusted employee and one who held a Vice President role with the Company, you were provided access to sensitive confidential and proprietary information about the Company's business, customers, and employees, including but not limited to, information about the Company's business plans and strategies, actual and prospective clients and candidates, pricing and sales data, and financial, marketing, and training materials, among other things. You are obligated to safeguard and return such information following your employment with the Company.

Further, under federal and state law, you also have a duty not to misappropriate, not to disclose to anyone outside of the Company, including your new employer and/or your new business, and not to use for the benefit of yourself (unless in your capacity as a CyberCoders employee) or any third party any of CyberCoders' confidential, proprietary and/or trade secret information. Both federal and state trade secret laws prohibit disclosure and misappropriation of trade secret information that you accessed or developed in the course of your work at CyberCoders and authorize a court to grant an injunction, order the recovery of monetary damages, and award attorneys' fees in the event of a violation. Any solicitation of CyberCoders' current or prospective customers by you, whether directly or indirectly, (or any employee of yours, any business or yours, or anyone acting on your behalf) that leverages protected information would constitute unfair competition, through the misuse and misappropriation of CyberCoders' confidential and trade secret information.

## **CyberCoders' Intent to Protect and Enforce Its Legal Rights**

CyberCoders is investigating a number of actions you may have taken in violation of your legal and contractual obligations to the Company. As this letter is intended to convey to you, CyberCoders takes your legal obligations to the Company very seriously and intends to pursue all available legal and equitable remedies against you and any others involved in any alleged wrongdoing.

Charles Cooke
February 18, 2025
Page 4

Further, you are hereby put on notice of possible litigation and your duty to preserve evidence, which would include, but is not necessarily limited to: all tangible documents and files and electronically-stored information that may be relevant and discoverable in the event of formal legal action, including, but not limited to: any communication that you received or sent to any third party containing CyberCoders' confidential, proprietary, or trade secret information; any communications related to your new business and/or new employer; any communications with any employee or former employee of CyberCoders, including, but not limited to, Belle Arriaga, Ricardo Miranda, and/or Nicolas Benedetto; and any communications between you or any entity you are affiliated with and any customer or potential customer of CyberCoders. This includes, all text or other forms of messaging, including any communications on social media or other types of applications. Because of the potential for litigation between you and the Company, you have a legal duty to ensure that all documents and information, both hard copy and electronic versions, that could be relevant to any lawsuit the Company files against you are preserved. To comply with your duty to preserve evidence, you should ensure that you immediately cease any process, practice, or procedure that might destroy, purge, erase, delete, or alter documents, data, and/or information, including electronically stored information, that are or may be relevant to this matter. This includes, without limitation, any routine process, practice, or procedure, that might lead to the destruction of documents and/or the deletion, automatic overwriting, reformatting, or purging of information stored in electronic formats, such as computer disks, hard drives, servers, e-mail accounts (whether business or personal), messaging and social networking accounts, thumb or flash drives, cell phones, VoIP systems, collaborative and meeting platforms such as Teams and Zoom, photographic equipment, databases, PDAs, backup media and accounts, and similar electronic storage devices and accounts.

## **Cease and Desist and Request for Action**

Based upon the foregoing circumstances, the Company has no choice but to insist upon timely and concrete assurances that you intend to comply with your continuing obligations to the Company, including the terms of your Agreement and that its confidential, proprietary, and trade secret information is not at risk.

To that end, we ask that you or your attorney contact the undersigned no later than the close of business on **February 20, 2025**, with the following assurances:

(1) As you agreed in the Agreement at Section 2.3, identify your current employment, consulting engagements, contract work or other business affiliations, including (a) the name and address of the business or business entity with which you have such a relationship; and (b) the general nature of your business-related activities.

Charles Cooke
February 18, 2025
Page 5

(2) **Today, February 18, we are sending a courier to pick up your Company laptop, docking station, and power cord**. We will also require the return of all Company information, data, documents, files, or records (in any form) relating to or containing the Company's Confidential Information and/or trade secrets in your custody, control, or possession (including in email accounts or cloud storage). None of the Company's Confidential Information and/or trade secrets in your possession should be deleted. The Company also reserves the right to seek a forensic remediation of any personal devices owned by you to ensure the removal of Company documents and information in accordance with Section 1.2(c) of your Agreement.

(3) Identify and describe (including the date, subject, scope of what was discussed, who else was present at the time, and any documentation of the discussion) all communications you had with any CyberCoders' employee, including, but not limited to, Belle Arriaga, Ricardo Miranda, and/or Nicolas Benedetto, about you or them leaving CyberCoders or forming or joining a new business.

CyberCoders' investigation of this matter is continuing. Nothing in this letter is intended to waive, to diminish, or to extinguish any claim, right or remedy that CyberCoders has in law or equity and our client reserves all rights.

We look forward to your prompt response and anticipated compliance.

Very Truly Yours,

*/s/ Tyler A. Sims*

Tyler A. Sims
Shareholder

cc:   James M. Witz, Esq.
Enclosure

| | |
|---|---|
| **From:** | Sims, Tyler |
| **To:** | Michael Nullman |
| **Cc:** | Holden, West |
| **Subject:** | RE: Cooke and Benedetto / CyberCoders, Inc. |
| **Date:** | Monday, February 24, 2025 10:22:00 PM |
| **Attachments:** | image003.jpg |
| | image001.png |
| | image002.png |
| **Importance:** | High |

Mr. Nullman,

We are concerned that we have not heard back from you re our inquiry below.  Please let us know when to expect a response from you.

Thanks!

**Tyler Sims**
Shareholder
973.848.4747 direct, 727.430.0901 mobile, 973.741.2765 fax
TSims@littler.com



Labor & Employment Law Solutions | Local Everywhere
1085 Raymond Blvd, One Newark Center, 8th Floor, Newark, NJ 07102

**From:** Sims, Tyler
**Sent:** Friday, February 21, 2025 3:24 PM
**To:** Michael Nullman <MNullman@nasonyeager.com>
**Cc:** Holden, West (WHolden@littler.com) <WHolden@littler.com>
**Subject:** RE: Cooke and Benedetto / CyberCoders, Inc.

Mr. Nullman,

Please copy my colleague West Holden on these communications.  As you can see from our letters, this is an urgent, time-sensitive matter for our client.  I appreciate you were just retained and will relay same to our client.  However, we need a response ASAP.  When will you be able to substantively respond?

Thanks!

**Tyler Sims**
Shareholder
973.848.4747 direct, 727.430.0901 mobile, 973.741.2765 fax
TSims@littler.com



Labor & Employment Law Solutions | Local Everywhere
1085 Raymond Blvd, One Newark Center, 8th Floor, Newark, NJ 07102

**From:** Michael Nullman <MNullman@nasonyeager.com>
**Sent:** Friday, February 21, 2025 11:57 AM
**To:** Sims, Tyler <TSims@littler.com>
**Subject:** Cooke and Benedetto / CyberCoders, Inc.

**[EXTERNAL E-MAIL]**

Mr. Sims:

We have been engaged by Charles Cooke and Nicolas Benedetto, who are in receipt of your attached letters.

I understand the courier referenced in the attached letters has been dispatched and picked up both the Company laptops, docking stations and power cords.

As to the balance of your letters, we are reviewing with our clients and we will be in touch.

Best,
Michael

| | |
|---|---|
| **Michael Nullman**<br>Attorney at Law<br><br>Email: MNullman@nasonyeager.com<br>Web: www.nasonyeager.com<br>Tel: 561-686-3307 \| Fax:561-686-5442 | NYGHG_Logo large.jpg<br><br><br><br>3001 PGA Blvd., Suite 305 \|Palm Beach Gardens \|FL \|33410 |

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone (collect) and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage and/or telephone expenses.

**WIRE FRAUD ADVISORY:** Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Nason Yeager containing wire transfer instructions, please call Nason Yeager using previously known contact information and NOT information provided in the email, to verify the information contained within said wire transfer instructions prior to sending funds pursuant to such wire transfer instructions.

**Think Green!** Please do not print this e-mail unless absolutely necessary.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com